UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.:

KERBENLY ADE,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant,
_____/

## COMPLAINT

The Plaintiff, KERBENLY ADE (hereinafter Plaintiff), by and through undersigned counsel, hereby sues Defendant, WAL-MART STORES EAST, LP (hereinafter Defendant), on the grounds set forth herein.

## INTRODUCTION

1. This is a sex and pregnancy discrimination action by Plaintiff, a personal shopper, formerly employed by the Defendant. Plaintiff was treated differently than her non-pregnant coworkers and terminated after she called out for pregnancy-related health issues. Defendant failed to acknowledge the callouts and terminated Plaintiff under the pretext of attendance issues for "No call, no show." She sues pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq., as amended by the Pregnancy Discrimination Act, 42 U.S.C.A. § 2000e(k) (collectively hereinafter "Title VII"), and the Florida Civil Rights Act of 1992, Florida Statute Section 760 (hereinafter "FCRA"), for lost wages, compensatory and punitive damages, declaratory and injunctive relief, and attorney's fees and litigation expenses.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331 and §1343.

3. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367 because they arise out of the same operative facts as the Title VII claims.

4. The venue of this action is properly placed in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Broward County, within the jurisdiction of this Honorable Court.

## PARTIES

5. At all times material hereto, Plaintiff was a resident of Broward County and was an employee of Defendant.

6. Plaintiff is a member of certain protected classes of persons under Title VII and the FCRA because her sex and pregnancy.

7. Defendant is a Foreign Limited Partnership, conducting business in Broward County, Florida, and within the jurisdiction of this Honorable Court.

8. At all times material hereto, Defendant was an employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, within the meaning of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

9. At all times material hereto, Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, as defined by the FCRA, Fla. Stat. § 760.02(7).

## PROCEDURAL REQUIREMENTS

10. On or about August 21, 2020, Plaintiff timely dual-filed her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) (hereinafter the Charge) within 300 days of the alleged violation.

11. To date, over 180 days have passed since the filing of the Charge without the FCHR either conciliating Plaintiff's claims or making a finding of no-cause against her, giving Plaintiff the right to bring a civil action on those claims.

12. On or about June 10, 2021, the U.S. Equal Employment Opportunity Commission, issued to Plaintiff a "Dismissal and Notice of Rights" with respect to such charge of discrimination.

13. The present Complaint is being filed within 90 days from the Plaintiff's receipt of the "Dismissal and Notice of Rights."

14. All conditions precedent to this action have been satisfied, have been waived, or would be futile.

## GENERAL ALLEGATIONS

15. On or about April 30, 2020, Defendant hired Plaintiff as a personal shopper and dispenser at its Coconut Creek, Florida location, store #1916.

16. On or about July 29, 2020, Plaintiff learned she was pregnant and informed her department manager of her pregnancy on or about August 1, 2020.

17. Feeling ill due to her pregnancy, Plaintiff called out on August 2 and August 3, 2020, using Defendant's online employee call-out portal. When prompted for her absence reason, Plaintiff selected "Pregnancy-related."

18. When Plaintiff returned to work on August 4, 2020, her credentials had been deactivated. Plaintiff approached a Human Resources representative for assistance clocking in.

19. Defendant's Human Resources representative instructed Plaintiff to "stay right there" and left momentarily. When he returned, assistant store manager, Betsable Moises (hereinafter "Moises"), accompanied him.

20. Moises berated Plaintiff, accusing Plaintiff of failing to call in her absences from the previous two days.

21. Plaintiff informed Moises that she had, in fact, called out using Defendant's employee portal and had call-out confirmation numbers indicating she was home sick due to pregnancy-related illness.

22. Plaintiff also advised Moises that she could confirm she was pregnant.

23. Moises responded that she did not want the confirmation number, and that Plaintiff needed to "stay [her] ass home and take care of [her] kids."

24. Moises further stated that if she had a permanent position available, she would not offer it to Plaintiff because Plaintiff would be calling out all the time due to her pregnancy.

25. Moises terminated Plaintiff on the spot.

26. Prior to becoming pregnant, Plaintiff had called out sick using the call-out portal and selected "injury/illness" as her reason for absence; She never suffered adverse employment action.

## **PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII**

27. Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-26.

28. Pursuant to Title VII, 42 U.S.C. §2000e Section 703 (a), "It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify its employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

29. Title VII, at 42 U.S.C. § 2000e (k) provides that discrimination based on sex includes discrimination based on pregnancy.

30. Plaintiff was employed by Defendant and was qualified for her position.

31. Plaintiff was, and continues to be, a member of a protected class under Title VII.

32. Defendant willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her pregnancy, in violation of Title VII, by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, inter alia, terminating Plaintiff's employment due to her pregnancy related illness.

33. The fact that Plaintiff was pregnant was a motivating factor in Defendant's decision to terminate Plaintiff.

34. Defendant's violations of Title VII were willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the law.

35. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant:

    a. judgment in her favor and against Defendants for violation of the anti-discrimination provisions of Title VII;

    b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

    d. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

    e. judgment in her favor and against Defendant for punitive damages;

    f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the Title VII; and

    g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **PREGNANCY DISCRIMINATION IN VIOLATION OF THE FCRA**

36. Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-26.

37. The FCRA provides at § 760.10(1), Fla. Stat.:

It is an unlawful employment practice for an employer:

(a) To discharge or…discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

(b) To limit,…or classify employees…in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

38. Plaintiff is a member of a protected class under the FCRA based upon her status as a pregnant woman.

39. Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy, in violation of the FCRA, by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, inter alia, terminating Plaintiff's employment due to her pregnancy related illness.

40. Defendant's violations of the FCRA were willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the law.

41. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant:

      a.      judgment in her favor and against Defendants for violation of the anti-discrimination provisions of the FCRA;

      b.      judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

      c.      judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

      d.      judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

      e.      judgment in her favor and against Defendant for punitive damages;

      f.      declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

      g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated this 16th day of August, 2021.

                               Respectfully submitted,

                               **Brenton Legal P.A.**
*Counsel for Plaintiff*
1070 E. Indiantown Rd., Suite 400
Jupiter, FL 33477
Phone: 954-639-4644
Service: eservice@brentonlegal.com

By:  */s/ Christopher A Fennell*
      Christopher Fennell, Esq,
      Florida Bar No.: 113546
      caf@brentonlegal.com
      Ryan Brenton, Esq.
      Florida Bar No.: 107675
      rcb@brentonlegal.com
      Travis Beal, Esq.
      Florida Bar No.: 104890
      tjb@brentonlegal.com